IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BETTY SUE BYARS,

    Plaintiff,

v.                                                       No. 14-1181

DEBBIE GREENWAY, individually and
as an agent of M.T.D. PRODUCTS, INC.,
and M.T.D. PRODUCTS, INC.,

    Defendants.
_____

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANT'S MOTION TO DISMISS
_____

Before the Court are a motion to dismiss filed by Defendants, Debbie Greenway and M.T.D. Products, Inc., ("M.T.D."), (Docket Entry ("D.E.") 7), and a motion to remand by Plaintiff, Betty Sue Byars, (D.E. 12). The issues having been fully briefed, these motions are now ripe for disposition.

## I. Background

On January 31, 2014, Byars filed suit in the Haywood County, Tennessee, Circuit Court, alleging that Greenway, acting as M.T.D.'s agent, improperly notarized a Single Life Annuity Form, not signed by Plaintiff, preventing her from receiving distributions from her deceased husband's retirement plan. (D.E. 1-4 at 1–2.) The complaint sought monetary damages and Byars's reinstatement as a beneficiary. (*Id.* at 2–4.) Defendants filed a notice of removal in this Court on February 27, 2014, *Byars v. M.T.D. Prods., Inc.*, No. 14-1048, (W.D. Tenn. Feb. 27,

2014), D.E. 1, and Plaintiff moved for voluntarily dismissal without prejudice, *id.*, D.E. 16, which the Court granted, *id.*, D.E. 17.

Byars refiled the case in state court on July 18, 2014, making essentially the same factual allegations. (D.E. 1-2.) She included two counts against Defendants: one for negligence in notarizing the Single Life Annuity Form "without the presence of Plaintiff" and another for "intentional, malicious, fraudulent, or reckless" activity in connection with the events at issue, seeking punitive damages. (*Id.* at 2–4; D.E. 12-1 at 2.) She did not, however, request to be reinstated as a beneficiary under the plan. (*See* D.E. 1-2.) Greenway and M.T.D. filed a notice of removal on August 4, 2014, insisting that Plaintiff's claims actually arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (D.E. 1.) A week later, they moved to dismiss the case, arguing that they are not proper parties to an ERISA suit and that Byars's action is preempted. (D.E. 7; D.E. 8.) Plaintiff responded, (D.E. 18), and filed a motion to remand, contending that removal was improper because her claims do not arise under ERISA, and no other basis for federal jurisdiction exists, (D.E. 12; D.E. 12-1).

## II. Analysis

As a fundamental principle, "[f]ederal courts are tribunals of limited subject matter jurisdiction." *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This Court "possess[es] only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377. "[T]he party requesting a federal forum . . . bears the burden of establishing federal jurisdiction." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014) (citations omitted).

Cases originating in state court can, in some circumstances, be removed to federal court. Title 28, section 1441(a) of the United States Code provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendants allege that original jurisdiction exists under "federal question" jurisdiction—sometimes called "arising under" jurisdiction—as provided for in 28 U.S.C. § 1331, and under ERISA's jurisdictional provision, contained in 29 U.S.C. § 1132(e). (*See* D.E. 1 at ¶ 6.)

Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A central concept in federal question jurisdiction is the "well-pleaded complaint rule," which provides that jurisdiction under § 1331 is generally proper only where "a federal question 'necessarily appears in the plaintiff's statement of his own claim[.]'" *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013) (alteration in original) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[I]f the plaintiff's complaint relies only on state law claims, the case may not be removed." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (citing *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007)). The existence of a *defense* arising under federal law, on the other hand, will not typically give rise to federal question jurisdiction. *Gardner*, 715 F.3d at 612 (citing *Davila*, 542 U.S. at 207).

The well-pleaded complaint rule is limited, however, by the "substantial-federal-question doctrine," the "artful-pleading doctrine," and the "complete-preemption doctrine." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citations omitted). Defendants primarily argue that "Plaintiff's vague pleadings in this lawsuit are an artful attempt to hide the true nature of her claim in this action[,] . . . one seeking benefits allegedly due under ERISA." (D.E. 1 at ¶ 3; *see also* D.E. 8 at 2.) According to Greenway and M.T.D., ERISA preempts

3

Byars's claims, and the statute's "extraordinary preemptive power" gives rise to federal jurisdiction. (D.E. 19 at 6.) Arguments—like Defendants'—that state law claims are actually ERISA claims and therefore support federal jurisdiction are evaluated under the doctrine of complete preemption. *See, e.g.*, *Davila*, 542 U.S. at 209–14; *Gardner*, 715 F.3d at 612–15; *Fulton v. W. Coast Life Ins. Co.*, 2:09-CV-2015-JPM-TMP, 2010 WL 2010790, at *3 (W.D. Tenn. May 19, 2010).

To avoid getting lost in "the quagmire that is preemption," *Self-Ins. Inst. of Am., Inc. v. Snyder*, 761 F.3d 631, 633 (6th Cir. 2014), it is necessary to draw a distinction between complete preemption and ordinary preemption under ERISA. *See* 13D Charles Alan Wright, et al., *Federal Practice & Procedure: Jurisdiction* § 3566 (4th ed. 2014) ("The name ['complete preemption'] is misleading and this doctrine should be contrasted with 'ordinary' or 'conflict' preemption, under which federal law provides a defense to a state-law claim.").[1] The Supremacy Clause of the United States Constitution provides that the "Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Since the Supreme Court's ruling nearly two hundred years ago in *M'Culloch v. Maryland*, 17 U.S. 316, 427 (1819), "it has been settled that state law that conflicts with federal law is 'without effect.'" *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (citing *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). Preemption occurs in three circumstances: where Congress "explicitly state[s] in [a] statute's language" its intent to supersede state law or implies it through the statute's "structure and purpose;" where state law "actually conflicts with federal law;" or where "federal law so

---

[1] Arguments contained in both parties' briefs conflate the standards governing conflict preemption with those of complete preemption. In the interest of clarity, the Court will describe the distinctions between the doctrines, especially those pertaining to their respective breadth.

thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* (internal quotation marks and citations omitted).

ERISA contains an express-preemption clause, 29 U.S.C. § 1144(a), which states that "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)[.]" This clause is "'broadly worded' and 'deliberately expansive.'" *Self-Ins. Inst. of Am.*, 2014 WL 3804355, at *2 (quoting *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.*, 519 U.S. 316, 324 (1997)). As such, it covers common law claims "that (1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007) (quoting *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005)) (internal quotation marks omitted). Under ERISA, "[v]irtually all state law remedies are preempted . . . ." *Davila*, 542 U.S. at 222 (Ginsburg, J., concurring) (quoting *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 456 (3d Cir. 2003) (Becker, J., concurring)). Despite its breadth, § 1144(a)'s conflict preemption is merely a defense that does not itself support federal question jurisdiction. *Gardner*, 715 F.3d at 612 ("That a state-law claim is preempted under § 1144(a) is no basis to remove the case from state court to federal."); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is

anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Complete preemption, on the other hand, is best understood as a jurisdictional doctrine. Wright, et al., *supra*, § 3566; *see also Huisjack v. Medco Health Solutions, Inc.*, 492 F. Supp. 2d 839, 848 (S.D. Ohio 2007). It applies where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metro. Life Ins. Co.*, 481 U.S. at 65). The Court is therefore "required to look beyond the face of [a] plaintiff's allegations and the labels used to describe her claims and [must] evaluate the *substance* of [the] claims." *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (emphasis in original). When complete preemption applies, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393 (citing *Franchise Tax Bd.*, 463 U.S. at 24). Complete preemption "is a sort of 'super' preemption [that] preempts not only state law, but also creates federal removal jurisdiction . . . ." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005). While the doctrine is significantly more powerful than ordinary preemption, it is comparatively "of very limited application." *Id.*

As previously noted, §1144(a) does not create complete preemption; however, ERISA's civil enforcement provision contained in § 1132(a)(1)(B) does. *Gardner*, 715 F.3d at 612–13. The Supreme Court has found that it was "the clear intention of Congress to make § [1132](a)(1)(B) suits brought by participants or beneficiaries federal questions for the purpose

federal court jurisdiction . . . ." *Davila*, 542 U.S. at 209 (quoting *Metro. Life Ins.*, 481 U.S. at 65–66). Section 1132(a)(1)(B) provides:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

A state-law tort claim is "within the scope of § 1132(a)(1)(B)" when "(1) the plaintiff complains about the denial of benefits to which [s]he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms." *Gardner*, 715 F.3d at 613 (quoting *Davila*, 542 U.S. at 210) (internal quotation marks and alterations omitted). For complete preemption to occur, "both prongs of the test [must be] satisfied." *Id.* (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009)). Phrased differently, if Plaintiff, "'at some point in time, could have brought h[er] claim under ERISA' and 'there is no other independent legal duty that is implicated by [Defendants'] actions,'" complete preemption exists. *Loffredo v. Daimler AG*, 500 F. App'x 491, 501 (6th Cir. 2012) (quoting *Davila*, 542 U.S. at 210).

Byars's action, however, does not satisfy this test. She does not seek to be reinstated as a beneficiary or for payment of previously accrued benefits out of plan funds. (*See* D.E. 1-2.) Rather, she seeks monetary damages from Greenway for alleged negligence in the notarization process and from M.T.D. under agency principles. (*Id.*) She does not attempt to "recover benefits" or to "enforce" or "clarify . . . rights" under the plan; thus her allegations do not fall under § 1132. Complete preemption does not occur every time a complaint mentions an ERISA plan. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001). Where a plaintiff includes

plan benefits as "simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of" a defendant's tortious conduct, complete preemption under § 1132 does not apply. *Id.* If those damages "would be payable from [the defendants'] own assets" rather than from the plan, the argument against complete preemption becomes even stronger. *Gardner*, 715 F.3d at 614 (citation omitted). In this case, Byars does not allege that there are "benefits to which [s]he is entitled." *Id.* at 613 (citation omitted). Benefits are only relevant here as a measure of damages, and any recovery would come from Defendants' assets. Therefore, ERISA does not completely preempt Plaintiff's state law cause of action.[2]

Also, as Defendants recognized in their briefs, (D.E. 8 at 7–8), § 1132(d)(2) generally limits ERISA enforcement actions to claims against "the plan as an entity." Such actions may also be maintained against an individual who acts as a "fiduciary" of the plan. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). To qualify as a fiduciary, a person must be "specifically named as [a] fiduciar[y] by the benefit plan" or "exercise[] discretionary control or authority over a plan's management, administration, or assets." *Chiera v. John Hancock Mut. Life Ins. Co.*, 3 F. App'x 384, 389 (6th Cir. 2001) (citation omitted). An individual who merely performs "perfunctory, ministerial function[s]" is not a fiduciary. *Hamilton v. Carell*, 243 F.3d 992, 999 (6th Cir. 2001). Here, nothing indicates that the plan named Greenway as a fiduciary, (*see* D.E. 8-2), and her role as a notary was ministerial rather than discretionary. Consequently,

---

[2] In *Gardner*, the Sixth Circuit also analyzed whether the duty alleged to have been breached was independent of the plan. *See id.* at 614–15. Defendants correctly point out that ERISA, and perhaps the plan itself, required Plaintiff's signature on the Single Life Annuity Form to be "witnessed by a plan representative or a notary public." 29 U.S.C. § 1055. Whether Greenway's duty under Tennessee law to act reasonably in notarizing the document, *see Peltz v. Peltz*, No. M199902299COAR3CV, 2000 WL 1532996, at *2 (Tenn. Ct. App. Oct. 18, 2000), is independent of the plan presents a close issue, but it is one this Court need not resolve. Because Byars does not allege that she is entitled to benefits to be paid from the plan, and because, as described below, the relief she seeks was never available under § 1132, whether the duty is independent is no longer at issue. *See Gardner*, 715 F.3d at 613 ("By its plain terms, [t]he two-prong[ed] test of *Davila* is in the conjunctive. A state-law cause of action is preempted by § [1132](a)(1)(B) only if both prongs of the test are satisfied." (alterations in original) (internal quotation marks omitted) (citation omitted)).

§ 1132 does not cover Plaintiff's claims. *Compare Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 538–42 (6th Cir. 2003) (considering, under § 1132, a widow's claims of faulty authentication against her deceased husband's employer, the retirement plan, and the plan administrator, where she sought "to recover survivor benefits" under the plan), *with Shields v. Reader's Digest Ass'n*, 173 F. Supp. 2d 701, 702–05 (E.D. Mich. 2001) (considering the same widow's separate negligence and fraud claims against the notary public and his employer under state law). Because Byars never "could have brought h[er] claim[s] under ERISA," they are not completely preempted. *Loffredo*, 500 F. App'x at 501 (quoting *Davila*, 542 U.S. at 210); *see also Poindexter v. Miller*, No. 1:09-cv-107-SJM, 2010 WL 1009695, at *3–4 (W.D. Penn. Mar. 6, 2010) (declining to find complete preemption on similar facts).

This outcome fits within the policies underlying federal jurisdiction. Congress has constitutional authority to authorize original jurisdiction in federal courts whenever a defense arising under federal law exists. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494–95 (1983). Since first establishing federal question jurisdiction in 1875, however, it has declined to do so. *See* Act of Mar. 3, 1875, ch. 137, 18 Stat. 470. Left unchecked, complete preemption has the potential to erode "such fundamental cornerstones of federal subject matter jurisdiction as the well-pleaded complaint rule and the principle that the plaintiff is master of the complaint." *Cent. Laborers' Pension Fund v. Chellgren*, No. CIV.A. 02-220-DLB, 2004 WL 1348880, at *11 (E.D. Ky. Mar. 29, 2004) (quoting Wright, et al., *supra*, § 3722.1). Accordingly, the doctrine has been understood to have "very limited application." *Palkow*, 431 F.3d at 553. Only where "Congress has manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable," will complete preemption exist. *Id.* In the context of ERISA, this only occurs where an action "falls within the scope of . . . § [1132](a)(1)(B)." *Davila*, 542

U.S. at 210. Here, these circumstances do not exist, so exercising jurisdiction would overstep this Court's statutory authority. "Without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed." *Memphis Am. Fed'n of Teachers, Local 2032 v. Bd. of Ed. of Memphis City Sch.*, 534 F.2d 699, 701 (6th Cir. 1976) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

### III. Conclusion

As neither a federal question nor another basis for jurisdiction exists, removal to this Court was not proper. Plaintiff's motion to remand is, therefore, GRANTED. Because this Court is without jurisdiction, Defendants' motion to dismiss is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 19th day of December, 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE